UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:23-cv-21290-DPG

**APPLYA CORPORATION,**

    Plaintiff,

v.

**TBG TECH CO. LLC** and
**JOHANNES FLOE,**

    Defendants.
_____/

**ORDER**

**THIS CAUSE** comes before the Court upon Plaintiff Applya Corporation's Motion for Entry of Final Default Judgment (the "Motion") against Defendant TBG Tech Co. LLC ("TBG"). [ECF No. 63]. On February 27, 2024, the Court entered a default against TBG. [ECF No. 59]. The Court has reviewed the Motion and the record and is otherwise fully advised.

**I.**    **BACKGROUND**

    **A.**    **Factual Background**

According to the allegations in the Amended Complaint, Applya is a Delaware corporation which provides services and healthcare products to its clients. [ECF No. 15]. Due to the COVID-19 pandemic, Applya's clients were in serious need of personal protective equipment ("PPE"). TBG dubbed itself as a leader in PPE supply and claimed to have an established PPE supply chain. Given these representations, Applya entered a series of transactions with TBG, through an intermediary, for the purchase of different kinds of gloves.

In November 2020, Applya purchased 1.3 million boxes of Société Générale de Surveillance ("SGS") certified nitrile gloves ("V-gloves") from TBG. On November 6, 2020, Applya transferred

$1,861,249.92 towards the purchase of the V-gloves to TBG. This money was to be held in escrow by TBG's attorney until Applya confirmed that the conditions of the purchase agreement were fulfilled. Based on TBG's representation that it had an order of V-gloves available, TBG's attorney transferred $1,709,579.40 of Applya's funds to TBG. TBG's attorney later transferred the remaining balance of $151,670.52 from the escrow account to TBG. Prior to the delivery of the V-gloves, it was discovered that the SGS report certifying the gloves was fraudulent. TBG blamed the glove manufacturer for the fraudulent report. TBG represented to Applya that the fraudulent report was being investigated and that, in the meantime, another manufacturer could supply the gloves Applya needed.

During the V-glove investigation, TBG represented it had DI-LINE 24 Clean Energy Co., Ltd. gloves with a FDA510k stamp ("Di-Line gloves") that were being held in California and that their SGS certification was in progress. In reliance on those representations, on December 19, 2020, Applya agreed to purchase 1,175,400 boxes of Di-Line gloves. On January 24, 2021, Applya transferred an additional $750,000 to TBG's attorney to hold in escrow towards the purchase of the Di-Line gloves. TBG's attorney subsequently transferred the funds to TBG. TBG was unable to deliver the Di-Line gloves and provided various excuses for the delay to conceal the fraud it was committing.

Despite these prior failures, Applya, in hopes of finally obtaining necessary PPE, agreed to a third transaction with TBG. On February 23, 2021, TBG promised to deliver to Applya a supply of at least 2.5 million boxes of Kingfa Science & Tech Co. Ltd. gloves ("Kingfa gloves") per month at a fixed price per unit. TBG agreed to apply the previously paid sums as a deposit for the Kingfa gloves. TBG represented that it was able to fulfill the purchase and that there were no impediments to it being able to do so. These representations were false. TBG never produced any of the V-gloves, Di-Line gloves, or Kingfa gloves paid for by Applya. TBG has not refunded Applya despite Applya's

demands.

B.     **Procedural History**

Applya brought this action against Defendants for breach of contract, fraud, fraudulent inducement, negligent misrepresentation, violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA"), and conversion. [ECF No. 1]. On April 6, 2023, the Court entered a paperless order directing Applya to file an amended complaint that sufficiently alleged TBG's citizenship. [ECF No. 14]. On April 7, 2023, Applya filed an Amended Complaint containing the same counts originally pled while also properly alleging the citizenship of TBG. [ECF No. 15]. On May 2, 2023, the Clerk entered a default as to Defendant Johannes Floe. [ECF No. 20]. On May 5, 2023, Mr. Floe filed a Motion to Vacate the Clerk's Entry of Default as well as an Answer to the Amended Complaint on his own behalf and on behalf of TBG. [ECF Nos. 21, 22]. On June 9, 2023, the Court vacated the default against Mr. Floe and ordered TBG to file a response to the Amended Complaint with counsel. [ECF. No. 36]. On June 13, 2023, K&L Gates LLP ("K&L Gates") filed an Answer on behalf of TBG. [ECF No. 37].

On June 30, 2023, the parties consented to a stay of the case pending arbitration. [ECF No. 41]. TBG and Mr. Floe refused to consent to any of the arbitrators that were proposed by Applya's counsel, failed to offer any arbitrators they deemed acceptable, and went non-responsive for months. [ECF No. 45]. On November 14, 2023, Applya moved to vacate the stay pending arbitration and reopen the case. [ECF No. 46]. K&L Gates subsequently moved to withdraw as counsel for TBG. [ECF No. 47]. On February 11, 2024, the Court granted K&L Gates' Motion to Withdraw. [ECF No. 53]. The next day, the Court granted Applya's Motion to Vacate the Stay by default and reopened the case. [ECF No. 55]. In its February 12, 2024 Order, the Court again noted that TBG failed to obtain counsel and, as an LLC, could not proceed pro se. *Id.* On February 14, 2024, a status conference was held, and no representative appeared for TBG. [ECF No. 57]. Since TBG failed to

3

obtain new counsel, on February 27, 2024, the Court entered a default against TBG and ordered Applya to file a motion for final default judgment as to TBG. [ECF No. 59]. On February 28, 2024, the Court held another status conference where Mr. Floe appeared pro se and TBG did not have counsel appearing on its behalf. [ECF No. 60]. On March 8, 2024, Applya filed the instant Motion. [ECF No. 63].

## II. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55(b), the Court is authorized to enter a default judgment against a defendant who fails to plead or otherwise defend against an action. Fed. R. Civ. P. 55(b)(2). Prior to entering a default judgment, a "district court must ensure that the well-pleaded allegations of the complaint . . . actually state a cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007). If the Court determines that the defendant is in default, the allegations made in the Amended Complaint, other than those relating to damages, will be taken as true. *Energy Source, Inc. v. Gleeko Properties, LLC*, No. 10-21162-CIV, 2012 WL 13008451, at *4 (S.D. Fla. Dec. 12, 2012).

## III. DISCUSSION

### A.  Compensatory Damages

Applya requests $2,611,249.92 in compensatory damages which reflects the amount of funds Applya paid to TBG. As TBG never delivered the gloves or refunded Applya's payments, Applya has sufficiently shown that an award of $2,611,249.92 in compensatory damages is appropriate. *See Hemispherx Biopharma, Inc. v. Bioclones (Proprietary) Ltd.*, 731 F. Supp. 2d 1337, 1341-42 (S.D. Fla. 2010) (granting compensatory damages in a default judgment where the record adequately supported the amount of damages).

### B. Punitive and Treble Damages

In addition to compensatory damages, Applya also seeks punitive damages with respect to Counts II, III, IV, and VI. However, this request is denied as Applya has not provided a sufficient basis to warrant an award of punitive damages. To recover punitive damages for tort claims, a plaintiff must demonstrate "malice, moral turpitude, wantonness, or outrageousness in the commission of the tort." *Auctus Group, LLC v. 216 Constellation LLC*, No. 8:22-cv-1689-KKM-AAS, 2022 WL 16951917, at *3 (M.D. Fla. Oct. 21, 2022). Applya has not shown that punitive damages are warranted here. *See Fagan v. Central Bank of Cyprus*, No. 19-80239-CIV, 2021 WL 2845034, at *19 (S.D. Fla. June 28, 2021) (denying plaintiffs request for punitive damages for failing to make the requisite showing of malice, moral turpitude, wantonness, or outrageousness required to warrant punitive damages); *E&C Copiers Export Import Corp. v. Arizas Fotocopiadoras S.A.S.*, No. 15-21693-Civ, 2015 WL 7720604, at *3 (S.D. Fla. Nov. 30, 2015) (denying punitive damages for the same reason). Therefore, Applya's request for punitive damages is denied.

Applya also requests treble damages with respect to Count V, the violation of FDUTPA. Under FDUTPA, a successful plaintiff is only entitled to actual damages. *See Kia Motors Am. Corp. v. Butler*, 985 So. 2d 1133, 1140 (Fla. 3d DCA 2008) (noting that under FDUTPA a successful litigant is only entitled to "actual damages"). In fact, the remedies provision of FDUTPA does not mention treble damages; nor has Applya provided authority to support an award of treble damages on this basis. *See Thomas v. Generac Power Sys. Inc.*, No. 21-12997, 2022 WL 4091735, at *3 (denying the plaintiff's request for punitive damages as there was no authority to warrant such damages, and the remedies provision did not provide for punitive damages). Moreover, a plaintiff may not recover consequential or other special damages under FDUTPA. *White v. Grant Mason Holdings*, Inc., 741 F. App'x 631, 637 (11th Cir. 2018). Applya's request for treble damages with respect to Count V is, therefore, denied.

C. **Attorneys' Fees and Costs**

Applya seeks an award of $3,320,175.60[1] in attorneys' fees and costs pursuant to the Reseller Agreement. [ECF Nos. 29-1; 33-1]. In Florida, "each party is responsible for its own attorneys' fees unless a contract or statute provides otherwise." *Price v. Tyler*, 890 So. 2d 246, 251 (Fla. 2004) (internal quotation marks and citation omitted). The party requesting attorneys' fees has the burden of establishing their entitlement to those fees. *Endurance Am. Specialty Ins. Co. v. Liberty Mut. Ins. Co.*, No. 8:17-CV-2832-VMC-CPT, 2023 WL 6345332, at *4 (M.D. Fla. Aug. 15, 2023), *report and recommendation adopted*, No. 8:17-CV-2832-VMC-CPT, 2023 WL 6284685 (M.D. Fla. Sept. 27, 2023). Here, § 13.12 of the Reseller Agreement states that the prevailing party is entitled to collect reasonable attorneys' fees, expenses, and costs from the non-prevailing party. [ECF Nos. 29-1 at 20; 33-1 at 20]. Also, "a prevailing party in a FDUTPA action may recover reasonable costs and attorney's fees from the nonprevailing party." *Diamond Aircraft Indus., Inc. v. Horowitch*, 107 So. 3d 362, 367 (Fla. 2013). Therefore, the Court finds that Applya is entitled to an award of $113,355.50 in reasonable attorneys' fees, costs in an amount to be determined later, $466,689.45 in pre-judgment interest, and post-judgment interest at the rate prescribed by 28 U.S.C. § 1961 until this judgment is satisfied.

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Applya's Motion for Entry of Final Default Judgment, [ECF No. 63], is **GRANTED IN PART and DENIED IN PART**.

2. Applya's motion for compensatory damages is **GRANTED**. Applya shall be awarded $2,611,249.92, for which sum let execution issue.

---

[1] Applya seeks this sum based, in part, on a forty percent (40%) contingency fee agreement between Applya and its counsel. [ECF Nos. 63-4 at 2; 63-5 at 2]. However, that agreement does not guide this Court's determination of a reasonable fee award. A contingency fee agreement between a party and its attorney governs the amount the party must pay its attorney from any damages awarded to it.

3. Applya's motion for punitive damages and treble damages is **DENIED**.

4. Applya's motion for attorneys' fees and costs is **GRANTED**.

**DONE AND ORDERED** in Chambers at Miami, Florida this 2nd day of August, 2024.

_____
DARRIN P. GAYLES
UNITED STATES DISTRICT JUDGE