**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

Case No. 23-21290-CIV-GAYLES/TORRES

APPLYA CORPORATION,

    *Plaintiff*,

v.

TBG TECH CO. LLC and
JOHANNES FLOE,

    *Defendants*.

_____/

**ORDER ON DEFENDANT'S**
**MOTION FOR EXTENSION OF TIME AND PROTECTIVE ORDER**

This cause comes before the Court on Defendant Johannes Floe's Motion for Extension of Time and for Protective Order against Plaintiff. [D.E. 82]. Plaintiff timely responded to the Motion [D.E. 83], to which Mr. Floe replied. [D.E. 86]. The motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Mr. Floe's Motion is **GRANTED in part** and **DENIED in part**.

---

[1] On October 30, 2024, the Honorable Darrin P. Gayles referred all pretrial matters to the Undersigned Magistrate Judge for disposition. [D.E. 99].

## I.   BACKGROUND

This action was brought on April 4, 2023, against Mr. Floe and TBG Tech Co. LLC ("TBG Tech"). On August 2, 2024, TBG Tech was found to be in default for its repeated failure to retain counsel despite ample Court warnings. [D.E. 78]. On the same day, a Final Default Judgment was entered on all five counts brought against TBG Tech. [D.E. 79].

On August 14, 2024, Mr. Floe filed a motion to vacate TBG Tech's default judgment; Mr. Floe was the Manager of the now-defunct TBG Tech and was co-Defendant for four of the five counts upon which TBG Tech defaulted. On the same day, Mr. Floe filed the pending Motion, which seeks an extension of time to respond to discovery (which was propounded on July 15, 2024), and a protective order insulating Mr. Floe from responding to discovery until his motion to vacate the default is decided. As cause, Mr. Floe contends that his responses to Plaintiff's discovery requests may be impacted depending on whether TBG Tech's default is vacated.

## II.   ANALYSIS

First, we will assess Mr. Floe's request for a discovery extension before determining whether a protective order is appropriate.

### A.   *Discovery Extension*

"District judges are accorded wide discretion in ruling upon discovery motions, and appellate review is accordingly deferential." *Iraola & CIA, S.A. v. Kimberly-Clark Corp.*, 325 F.3d 1274, 1286 (11th Cir. 2003) (quoting *Harris v. Chapman*, 97 F.3d 499,

2

506 (11th Cir. 1996), *cert. denied*, 520 U.S. 1257, 117 S.Ct. 2422, 138 L.Ed.2d 185 (1997)). In exercising that wide discretion, we find good cause to extend the discovery deadline. To be clear, we do not condone Mr. Floe's decision to wait until the last possible day (i.e., the day before the discovery deadline) to request an extension of time. Throughout this litigation, Mr. Floe has exhibited a pattern of dragging his feet. Nonetheless, we do find that the default judgment entered against TBG Tech, while it should not have come as a surprise to Mr. Floe, does present minimal good cause to permit an extension of time to respond to discovery.

Further, we also note that Plaintiff did not serve its discovery requests—upon a then-pro se defendant—until roughly one month before the discovery period lapsed. Thus, both parties have run against the discovery deadline in this case. And while this situation is not the ideal picture of a diligent litigant seeking one last extension to honestly comply with discovery demands, we do find good cause to extend the discovery deadline rather than deem Mr. Floe's non-responses as case-ending admissions. *See Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1342 (11th Cir. 2014) ("This Circuit expresses a strong preference that cases be heard on the merits and strive[s] to afford a litigant his or her day in court, if possible."); *see also Rocket Real Est., LLC v. Maestres*, No. 15-62488-CIV, 2016 WL 4468286, at *3 (S.D. Fla. Aug. 24, 2016) (denying motion to strike the plaintiff's untimely discovery responses because of "the preference of the Court to decide factual issues on their merits and the fact that a three-week extension of time [to respond to discovery] would not have been prejudicial to Defendant").

Consequently, we also recommend that the scheduling order be amended to extend the dispositive motion deadline and trial date. Plaintiff, therefore, would suffer no prejudice from the extension of the discovery deadline, would be permitted to re-file its motion for summary judgment,[2] and would have ample time to prepare for trial with its newly-received discovery. Mr. Floe shall fully respond to the pending discovery requests by January 21, 2025.

### B. *Protective Order*

As to Mr. Floe's requested protective order, however, Mr. Floe's Motion is denied. Essentially, Mr. Floe seeks a protective order which would insulate him from participating in discovery until the Court rules on his Motion to Set Aside TBG Tech's Default Judgment. [D.E. 81]. But Mr. Floe makes no showing, and provides no authority that, simply because he filed a motion to vacate a co-Defendant's default judgment, Mr. Floe can indefinitely pause discovery. That course of action would be inefficient and unfair to Plaintiff, nor has Mr. Floe even attempted to establish good cause to support such a peculiar action. *See Baratta v. Homeland Housewares, LLC*, 242 F.R.D. 641, 642 (S.D. Fla. 2007) (denying motion for protective order because the movant "bears the burden of establishing good cause for the protective order" and "f[ell] short of demonstrating good cause"); *Houston v. 7-Eleven, Inc.*, No. 2:14-CV-441-FTM-29CM, 2015 WL 412523, at *2 (M.D. Fla. Jan. 30, 2015) (denying motion

---

[2] Plaintiff's pending Motion for Summary Judgment is largely premised on the assumption that Mr. Floe's failure to respond to discovery constituted admissions. Thus, to avoid any prejudice, it would be appropriate to extend the dispositive motion deadline and permit Plaintiff to re-file its Motion for Summary Judgment with the benefit of Mr. Floe's discovery.

4

for protective order because "delaying discovery until the Court rules on the Motion to Dismiss will cause Plaintiff harm, and his case should go forward").

### III.  CONCLUSION

For the reasons set forth above, Mr. Floe's Motion to extend the discovery deadline is **GRANTED in part** and **DENIED in part**. To the extent Mr. Floe seeks a protective order, his Motion is denied. But to the extent Mr. Floe seeks an extension of time to respond to Plaintiff's discovery requests, Mr. Floe's Motion is granted through and including January 21, 2025.

As a result, we recommend that the Court enter an Amended Scheduling Order to extend the discovery deadline, dispositive motion deadline, and trial date.

**DONE and ORDERED** in Chambers at Miami, Florida this 7th day of January, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge