UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 23-21290-CIV-GAYLES/TORRES

APPLYA CORPORATION,

    PLAINTIFF,

v.

TBG TECH CO. LLC and
JOHANNES FLOE,

    DEFENDANTS.

_____/

### ORDER ON DEFENDANT'S MOTION FOR SANCTIONS

This cause comes before the Court on Defendant, Johannes Floe's Motion for Sanctions against Plaintiff, Applya Corporation. [D.E. 97]. Plaintiff timely filed a response to the Motion [D.E. 112], and the time to file a reply has passed. The Motion, therefore, is ripe for disposition.[1] After careful review of the briefing and relevant authorities, and for the reasons set forth below, Mr. Floe's Motion is **DENIED**.[2]

---

[1] On October 30, 2024, the Honorable Darrin P. Gayles referred this matter to the Undersigned Magistrate Judge for disposition. [D.E. 99].

[2] The Court can summarily deny this Motion both on grounds that the Motion does not comply with the Local Rules spacing requirements, and the Motion does not include a Certificate of Conferral. Nonetheless, the Court will address the merits of the Motion.

1

## I.     ANALYSIS

Mr. Floe argues that Plaintiff acted in bad faith by issuing to Mr. Floe a civil theft demand letter before Plaintiff ultimately opted not to bring a claim for civil theft. The demand letter, Mr. Floe asserts, was threatening and exploitative, and was an attempt to "obtain unfair negotiation advantage in the litigation." [D.E. 97 at 20]. In other words, Mr. Floe avers that Plaintiff never had any intention of filing a civil theft suit; rather, Plaintiff sought simply to extort money from Mr. Floe under the threatening guise of a civil theft cause of action.

This argument is wholly without merit. Florida law plainly requires that, if a plaintiff seeks to allege civil theft, the plaintiff must first send a demand letter.[3] In no way is it sanctionable for a plaintiff to comply with Florida law while mulling a civil theft action, regardless of whether that action is ultimately brought. This is especially true in a case where Plaintiff has alleged that Mr. Floe promised to provide certain equipment in return for upwards of $3,000,000.00 but never in fact produced the equipment. While we of course do not yet make any findings of fact or law in that regard, it is not unreasonable for a plaintiff to consider a civil theft action under those alleged facts.

Further, Mr. Floe has not even almost satisfied his burden of proving bad faith. *See Barnes v. Dalton*, 158 F.3d 1212, 1214 (11th Cir. 1998) ("The key to unlocking a court's inherent power is a finding of bad faith."). Much of Mr. Floe's Motion is spent

---

[3] Florida's civil theft statute provides: "Before filing an action for damages under this section, the person claiming injury must make a written demand for $200 or the treble damage amount of the person liable for damages under this section." § 772.11(1), Fla. Stat.

2

alleging an apparent conspiracy between Plaintiff and an apparent company or individual named "Henlagt." That conspiracy, argues Mr. Floe, was carried out to extort Mr. Floe into paying Plaintiff a large sum of money. But at no point in Mr. Floe's Motion does he provide any link between Plaintiff and Henlagt in any way, shape, or form. Nor does Mr. Floe present any other affirmative evidence to corroborate his lofty accusation that Plaintiff's demand letter was a bad faith tactic for extortion, as opposed to a statutorily-required formality while Plaintiff considered suing for civil theft.

Accordingly, because bad faith has not been shown, the Court is not apt to exercise its inherent power to sanction Plaintiff. *See Agudelo v. Padron*, No. 18-22612-CIV, 2019 WL 4694145, at *4 (S.D. Fla. July 8, 2019) (denying motion for sanctions because "[t]here is not enough evidence tending to show that Plaintiffs and their counsel pursued their claims in bad faith or that their conduct was unreasonable or vexatious when compared to an objective standard"); *see alsi Sutakovic v. CG RYC, LLC*, No. 18-CIV-20125, 2018 WL 2766206, at *6 (S.D. Fla. June 8, 2018) ("Moreover, to unlock a Court's inherent power, there must be a finding of bad faith and as we explained earlier, there is simply not enough evidence to make that conclusion at this stage of the case. Therefore, Defendants' motion for sanctions under the Court's inherent power is DENIED."); *Barash v. Kates*, 585 F. Supp. 2d 1347, 1362 (S.D. Fla. 2006) (declining to impose sanctions under the Court's inherent authority because the movant did not establish bad faith).[4]

---

[4] For the same reasons, Mr. Floe's Motion is denied to the extent that he alternatively seeks sanctions under 28 U.S.C. § 1927. *See Springs v. Gielow*, 2016 WL 6093496, at

## II.     CONCLUSION

For the reasons set forth above, Mr. Floe's Motion for Sanctions [D.E. 97] is **DENIED**.

**DONE and ORDERED** in Chambers in Miami, Florida this 8th day of January, 2025.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

---

*1 (N.D. Fla. July 26, 2016), *report and recommendation adopted*, 2016 WL 6090946 (N.D. Fla. Oct. 18, 2016) (citing *Amlong & Amlong, P.A. v. Denny's, Inc.*, 500 F.3d 1230, 1252 (11th Cir. 2007)) ("When considering sanctions under the court's inherent power, the threshold of bad faith conduct is 'at least as high' as the threshold of bad faith conduct for sanctions under 28 U.S.C. § 1927.").